

# Fourth Court of Appeals
## San Antonio, Texas

**CONCURRING OPINION**

No. 04-22-00161-CR

Brandon Joshua **VIGIL**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 454th Judicial District Court, Medina County, Texas
Trial Court No. 20-06-13648-CR
Honorable Daniel J. Kindred, Judge Presiding

Opinion by:     Rebeca C. Martinez, Chief Justice
Concurring Opinion by: Beth Watkins, Justice, joined by Patricia O. Alvarez, Justice

Sitting:        Rebeca C. Martinez, Chief Justice
                Patricia O. Alvarez, Justice
                Beth Watkins, Justice

Delivered and Filed: June 7, 2023

In Vigil's third issue, he complains that the trial court violated Texas Rule of Evidence 705(b) by denying him the right to take the State's witness, Deputy Reyes, on voir dire. He cites two opinions from the Texas Court of Criminal Appeals and applies them to the facts of this case. The court's opinion does not cite Rule 705(b); instead, it concludes Vigil's third issue is inadequately briefed. Because I do not agree with that reasoning, I respectfully concur in the court's judgment as to part II. D.

In response to the court's conclusion that Vigil's third argument was inadequately briefed, I note that in his appellate brief, Vigil relies on Texas Rule of Evidence 705 to argue that the trial court was required to allow his trial counsel to take Deputy Reyes on voir dire. He supports that argument by citing two opinions from the Texas Court of Criminal Appeals, which he applies to the facts of this case with record citations. He then argues harmful error and cites another opinion from the Texas Court of Criminal Appeals to support his harmful-error argument. The State understood Vigil's argument—it did not argue brief waiver. Because Vigil's brief "contain[s] a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record," I believe Vigil's brief on this point complies with Texas Rule of Appellate Procedure 38.1(i). For that reason, I cannot join in the court's brief-waiver conclusion.

However, I also cannot agree with Vigil's argument that the trial court's denial of his request to take Deputy Reyes on voir dire constituted harmful error. Rule 705(b) provides:

> Before an expert states an opinion or discloses the underlying facts or data, an adverse party in a civil case may—or in a criminal case must—be permitted to examine the expert about the underlying facts or data. This examination must take place outside the jury's hearing.

TEX. R. EVID. 705(b). Assuming that Deputy Reyes was testifying as an expert witness—a point the State does not concede—we must determine whether the error was "so harmful as to require a reversal." *Goss v. State*, 826 S.W.2d 162, 168 (Tex. Crim. App. 1992). Because the error is not constitutional, we will only reverse if it affected Vigil's substantial rights; otherwise, the error must be disregarded. TEX. R. APP. P. 44.2(b); TEX. R. EVID. 103(a). In making this determination, we consider the entire record to decide whether the error had a substantial or injurious effect on the verdict of guilt. *Morales v. State*, 32 S.W.3d 862, 867 (Tex. Crim. App. 2000). Where the reviewing court has fair assurance that the error did not influence the jury or had but a slight effect,

the conviction will stand. *Id.*; *McDonald v. State*, 179 S.W.3d 571, 578–79 (Tex. Crim. App. 2005).

On direct examination, Deputy Reyes described his investigation of B.V.'s allegations. Vigil sought to take Deputy Reyes on voir dire after he described B.V.'s forensic interview:

STATE:      And was that your investigation? Is that what was revealed in your investigation?

REYES:      Yes, everything that she said was followed by or corroborated by [B.V.'s brothers], I guess, as accurately as I could have.

STATE:      And did she say that the sexual abuse occurred that day or something at a different time?

REYES:      No, it was a year prior and the Houston area was the most recent that she stated happened, which was a trip with her father and her two brothers, which the two brothers did say that they were in fact, in Houston with her at the time.

STATE:      I'm sorry?

REYES:      They were in Houston at the same time.

STATE:      And so after you got that information, why did you not do a sexual assault nurse examination or refer them or refer [B.V.] to a SANE exam?

REYES:      I didn't find it necessary after a year to put her through an invasive procedure like that.

STATE:      What do you normally look for in those examinations?

REYES:      It's usually physical trauma or - -

STATE:      Is there a time limit for an accurate SANE?

REYES:      Typically, it's 96 hours or less.

STATE:      And so we are talking about an event that occurred at least a year?

VIGIL:      Can I take the witness on voir dire?

COURT:      What for?

VIGIL:          Well, about his expertise in what he's testifying about.

STATE:          Your Honor, I would say this is just general information known by law enforcement in his training. I'm not asking him to tell me what a nurse would do. He doesn't know.

COURT:          Not at this time. I mean, you'll have cross examination with him so I'm going to deny at this time.

On appeal, Vigil argues this error was harmful because he "did not have the 'underlying facts or data' of the complained of expert's testimony and the expert provided damaging and inadmissible testimony in the presence of the jury that could have been discovered and objected to outside their presence during a Rule 705 hearing." But in the trial court, he did not make an offer of proof or otherwise demonstrate what "damaging and inadmissible testimony" Deputy Reyes provided or what "underlying facts or data" Detective Reyes testified to that Vigil was unaware of. *See Jenkins v. State*, 912 S.W.2d 793, 814 (Tex. Crim. App. 1993) (concluding "any error in the trial court's noncompliance with Rule 705(b) was harmless because appellant knew the 'underlying facts or data' of [the expert's] testimony"); *see also* TEX. R. EVID. 103(a)(2). In these limited circumstances, I cannot conclude that the denial of Vigil's request to take Officer Reyes on voir dire affected his substantial rights. *See, e.g.*, *Trevino v. State*, No. 04-12-00840-CR, 2014 WL 3518098, *2–4 (Tex. App.—San Antonio July 16, 2014, no pet.) (mem. op., not designated for publication).

For this distinct reason, I agree with the court's decision to affirm the trial court's judgment in all respects.

Beth Watkins, Justice

DO NOT PUBLISH